**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**
**CAMDEN VICINAGE**

| | |
|---|---|
| EUGENE T. SMPSON, II,<br>Plaintiff,<br>v.<br>ADRIENNE ADELE SIMPSON,<br>Defendant. | Civil No. 26-5000-RMB-EAP<br>**MEMORANDUM ORDER** |

**RENÉE MARIE BUMB, Chief United States District Judge**:

**THIS MATTER** comes before the Court upon a Complaint [Docket No. 1 ("Compl.")] and an application to proceed *in forma pauperis* ("IFP") [Docket No. 1-1] filed by *pro se* Plaintiff Eugene T. Simpson, II ("Plaintiff"). Plaintiff is a convicted and sentenced state prisoner confined in South Woods State Prison in Bridgeton, New Jersey. [Docket No. 1-1, at 1.] While his IFP application is satisfactory, Plaintiff did not "submit a certified copy of the trust fund account statement (or institutional equivalent) … for the 6-month period immediately preceding the filing of the complaint …, obtained from the appropriate official of each prison at which the prisoner is or was confined." 28 U.S.C. § 1915(a)(2). Additionally, this Court "has the authority to dismiss a case 'at any time' regardless of the status of a filing fee; that is, a court has the discretion to consider the merits of a case and evaluate an IFP

application in either order or even simultaneously."[1] *Brown v. Sage*, 941 F.3d 655, 660 (3d Cir. 2019) (quoting *id.* § 1915(e)(2)). Plaintiff alleges that Defendant Adrienne Adele Simpson—his sister and apparent executrix—has "ignored all attempts made by" him "to settle [their] late father[']s estate" and distribute estate assets. [Compl. ¶ 6.] As this Court has previously explained to Plaintiff in an order dismissing an identical complaint in an earlier action, "[f]ederal courts are precluded 'from endeavoring to dispose of property that is in the custody of a state probate court.'" *Simpson v. Simpson*, No. 25-13349, 2026 WL 294903, at *1 (D.N.J. Feb. 4, 2026) (quoting *Marshall v. Marshall*, 547 U.S. 293, 312 (2006)); *see also Three Keys Ltd. v. SR Util. Holding Co.*, 540 F.3d 220, 226–27 (3d Cir. 2008). "As adjudicating Plaintiff's claims would require this Court to interfere with the administration of an estate and

[1] When an individual files a complaint, a federal court must review the complaint and dismiss claims that: (1) are frivolous or malicious; (2) fail to state a claim on which relief may be granted; or (3) seek monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). The legal standard for dismissing a complaint for failure to state a claim under the IFP statute is the same as that for dismissal under Federal Rule of Civil Procedure 12(b)(6). *See id.* § 1915(e)(2)(B); *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012). To survive dismissal under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Twombly*, 550 U.S. at 556. The Court is not compelled to "credit either 'bald assertions' or 'legal conclusions' in a complaint when deciding a motion to dismiss." *Evancho v. Fisher*, 423 F.3d 347, 351 (3d Cir. 2005) (quoting *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1429–30 (3d Cir. 1997)). Rules 12(b)(1) and (h)(3) equally operate to assure that a court has subject matter jurisdiction over a matter. *See* FED. R. CIV. P. 12(b)(1), (h)(3).

the disposition of estate property, the Court concludes it lacks subject-matter jurisdiction."[2] *Simpson*, 2026 WL 294903, at *1 (citing *Marshall*, 547 U.S. at 312). Plaintiff is free to pursue these claims in the Superior Court of New Jersey in accordance with New Jersey law and any applicable statute of limitations. Accordingly,

**IT IS**, on this **19th** day of **August 2026**,

1. **ORDERED** that Plaintiff's Complaint [Docket No. 1] is **DISMISSED WITHOUT PREJUDICE** for want of jurisdiction; and it is further

2. **ORDERED** that Plaintiff's IFP Application [Docket No. 1-1] is **DENIED WITHOUT PREJUDICE**; and it is further

3. **ORDERED** that if Plaintiff believes he can cure the jurisdictional defects identified in this Order, he shall so notify the Court, in writing addressed to the Clerk of the Court, Mitchell H. Cohen Building & U.S. Courthouse, 4th & Cooper Streets, Camden, New Jersey 08101, **within thirty (30) days of the entry of this Order**. Plaintiff's request to reopen this matter shall include an amended complaint establishing proper subject matter jurisdiction and either (1) a properly completed IFP application that includes a certified copy of his inmate trust account or (2) the $405 filing fee. Upon timely receipt of the

[2] As "[t]he party asserting jurisdiction," Plaintiff "bears the burden of showing that at all stages of the litigation the case is properly before the federal court." *In re Nat. Football League Players Concussion Inj. Litig.*, 775 F.3d 570, 574 (3d Cir. 2014) (quoting *Samuel–Bassett v. KIA Motors Am., Inc.*, 357 F.3d 392, 396 (3d Cir. 2004)).

above, the Court will direct the Clerk of the Court to reopen this matter; and it is further

4. **ORDERED** that the Court will dismiss this matter without prejudice if Plaintiff does not submit an amended complaint and a properly completed IFP application or payment of the $405 filing fee; and it is further

5. **ORDERED** that the Clerk of the Court shall mail Plaintiff a copy of this Order and a blank IFP application at his mailing address of record; and it is finally

6. **ORDERED** that the Clerk of the Court shall **CLOSE** this matter pending the receipt of Plaintiff's amended receipt and either a revised IFP application or payment of the $405 fee.

**/s/ Renée Marie Bumb**
RENÉE MARIE BUMB
Chief United States District Judge